J-S76018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID PAUL ELLENBERGER, | : | |
| | : | |
| Appellant. | : | No. 446 WDA 2018 |

Appeal from the PCRA Order, February 27, 2018,
in the Court of Common Pleas of Butler County,
Criminal Division at No(s):  CP-10-CR-0002049-2014.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:                    FILED MARCH 22, 2019

David Ellenberger appeals from the order denying his first petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On or about February 18, 2015, [Ellenberger] entered pleas of guilty to one count each of unlawful contact with a minor and criminal use of a communications facility.  There was no agreed recommended sentence as part of the plea agreement pursuant to which [Ellenberger] entered his guilty pleas.  On September 15, 2015, the Court sentenced [Ellenberger] as a sexually violent predator pursuant to the recidivism statute, 42 Pa.C.S.A. § 9718.2, to undergo imprisonment of twenty-five to fifty years on the count of unlawful contact with a minor, and a concurrent term of six to twelve months on the count of criminal use of a communications facility.  Prior to the acts underlying the charges in the above captioned-matter, at Butler County C.A. No. 1253 of 2006, [Ellenberger] pled guilty to, and was

sentenced pursuant to a negotiated plea agreement for charges of disseminating child pornography and criminal use of a communications facility. [Ellenberger] was under supervision at CP No. 1253 of 2006 when the conduct underlying the charges in this matter took place.

[Ellenberger], represented by [prior counsel] filed a post-sentence motion on September 28, 2015, alleging the Court's sentence was "excessive for the crime that was committed and amounts to cruel and unusual punishment" and was imposed "based on an unconstitutional statute." At the hearing held on [Ellenberger's] post-sentence motion, [prior counsel] argued, among other things, that 42 Pa.C.S.A. § 9718.2 violates the holding of Alleyne v. United States, 133 S.Ct. 2151, 186 L.Ed.2d 314 (U.S. 2013). The court relied on and cited to Commonwealth v. Pennybaker, 121 A.3d 530 (Pa.Super. Ct. 2015), in finding that the imposition of a mandatory sentence based on a prior conviction was not unconstitutional. The Court also found, under Commonwealth v. Baker, 78 A.3d 1044 (Pa. 2013), that [Ellenberger's] punishment was not cruel and unusual under the Eighth Amendment to the Federal Constitution. The Court denied [Ellenberger's] post-sentence motion on October 30, 2015. [Ellenberger] did not file an appeal to the Superior Court of Pennsylvania.

On July 27, 2016, [Ellenberger] filed a [pro se PCRA petition] in which he raised numerous grounds on which he claimed he was eligible for relief. The Court appointed counsel and directed that counsel file an amended [PCRA] petition. On July 7, 2017, [PCRA] counsel filed an [amended PCRA petition].

PCRA Court Opinion, 2/27/18, at 1-2.

The PCRA court scheduled an evidentiary hearing for December 15, 2017. The PCRA court detailed what occurred at the hearing as follows:

At the time of the hearing, counsel for [Ellenberger] orally moved to amend his petition to include a claim that, pursuant to Commonwealth v. Butler, [173 A.3d 1212 (Pa. Super. Ct. 2017)], he was improperly classified as a sexually violent predator. The attorney for the

- 2 -

> Commonwealth was unopposed to the Court considering [Ellenberger's] claim under *Butler*. That claim, therefore, is appropriately before the Court at this time. Counsel for [Ellenberger] also indicated that [Ellenberger] was waiving or abandoning his claim relating to the ineffective assistance of [prior counsel]. . . . Accordingly, before the Court at this time are claims that [Ellenberger's] classification as a sexually violent predator is improper under *Butler*, that his sentence is cruel and unusual, and that his mandatory minimum sentence is unconstitutional.

PCRA Court Opinion, 2/27/18, at 4. Finding no merit to any of Ellenberger's claims, the PCRA court denied Ellenberger post-conviction relief.

This timely appeal follows. Both Ellenberger and the PCRA court have complied with Pa.R.A.P. 1925. Ellenberger raises the following issues on appeal:

> 1. Did the PCRA court commit an error of law when it denied Ellenberger's PCRA petition and found that the sentence pursuant to 42 Pa.C.S.A. § 9718.2 was legal and not in violation of the Constitution of the Commonwealth of Pennsylvania and the United States Constitution?
>
> 2. Did the PCRA court commit an error of law when it denied Ellenberger's PCRA petition and determined that the classification of Ellenberger as a sexually violent predator under SORNA was proper in contravention of *Butler*, supra?

See Ellenberger's Brief at 4.[1]

---

[1] Although Ellenberger also raised a claim that the imposition of the mandatory minimum constituted cruel and unusual punishment, his counsel has withdrawn the issue in light of our Supreme Court's decision in *Commonwealth v. Baker*, 78 A.3d 1044 (Pa. 2013).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Commonwealth v. Carr, 768 A.2d 1164, 1166 (Pa. Super. 2001).

In his first issue, Ellenberger relies upon our Supreme Court's per curiam order in Commonwealth v. Pennybaker, 145 A.3d 720 (Pa. 2016), to argue that sentencing him to a mandatory minimum based on his prior convictions pursuant to 42 Pa.C.S.A. § 9718.2 violates Alleyne.

In Pennybaker, the trial court sentenced Pennybaker to a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718.4 based upon his failure to comply with his prior SORNA registration requirement. Pennybaker filed an appeal to this in which he questioned the constitutionality of section 9718.4 in light of Alleyne. We held that section 9718.4 is not unconstitutional under Alleyne because the "fact" triggering application of the statute—the length of the defendant's registration requirement—"was mechanical and capable of objective proof." Pennybaker, 121 A.3d 530, 534 (Pa. Super. 2015). In a per curiam order, our Supreme Court reversed this Court's decision and remanded "for resentencing without application 42 Pa.C.S. § 9718.4." Pennybaker, supra.

Although Ellenberger acknowledges Pennybaker did not involve previous convictions, he notes that in the per curiam order our Supreme Court cited cases that struck down statutes that included similar "Proof at Sentencing" language as used in Section 9718.2. See Pennybaker, 145 A.3d at 720 (citing Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015) and Commonwealth v. Wolfe, 140 A.3d (Pa. 2016)). From this order, Ellenberger extrapolates that the imposition of a mandatory minimum upon him based upon his prior conviction likewise violates Alleyne and its Pennsylvania progeny. According to Ellenberger, "it was this language that the Wolfe court found so offensive when declaring § 9718 unconstitutional and the same language that renders § 9718.2 the same." See Ellenberger's Brief at 11. We cannot agree.

In rejecting Ellenberger's claim, the PCRA court discussed in detail other cases, some decided subsequent to the 2016 per curiam order in Pennybaker, to establish the continued viability of the "prior exceptions" exception to Alleyne. See PCRA Court Opinion, 2/27/18, at 8-10. The court then concluded:

> We are unaware of any published decision of the Superior Court of Pennsylvania, or any decision of the Supreme Court of Pennsylvania, finding that the recidivist mandatory minimums contained in 42 Pa.C.S.A. § 9718.2(a), are constitutionally infirm. Absent clear, precedential direction from our appellate courts, we are constrained to find that the Defendant's mandatory sentence imposed pursuant to 42 Pa.C.S.A. § 9718.2, a mandatory that is based on a prior conviction, is constitutional under Alleyne.

PCRA Court Opinion, 2/27/18, at 8-10 (footnotes omitted).

Our review of the cases cited by the PCRA court support its conclusion. See, e.g., Commonwealth v. Golson, 189 A.2d 944, 1000-02 (Pa. Super. 2018) (upholding imposition of mandatory 25 to 50 year mandatory minimum pursuant to 42 Pa.C.S.A. § 9718.2, based upon a prior conviction); see also Commonwealth v. Resto, 179 A.3d 18, 21 n.1 (Pa. 2018) (plurality) (noting that "under prevailing federal jurisprudence, [previous] convictions are not treated as a type of fact implicating Alleyne"); Commonwealth v. Bragg, 133 A.3d 328, 333 (Pa. Super. 2016), affirmed, 169 A.3d 1024 (Pa. 2017) (per curiam) (acknowledging that the United States Supreme Court has recognized a "narrow exception" to Alleyne for prior convictions). Thus, Ellenberger's first claim does not entitle him to relief from this Court, as we are bound by our precedent on this issue.

In his second issue, Ellenberger takes issue with the PCRA court's determination that this Court's decision in Butler, supra, does not apply upon collateral review. The PCRA court reached this conclusion after engaging in a retroactivity analysis utilizing the framework set forth by the United States Supreme Court's plurality in Teague v. Lane, 489 U.S. 288 (1989). See PCRA Court Opinion, 2/2/18, at 5-6. The PCRA court then concluded that, "[a]s the holding in Butler is procedural, we conclude that it does not apply on collateral review. [Ellenberger], in the Court's view, is not entitled to relief under Butler." Id. at 6.

According to Ellenberger, "the holding in Butler is a substantive Constitutional rule" that should apply on collateral review. Ellenberger's Brief at 13. We cannot agree.

In Butler, Butler challenged his SVP designation on direct appeal. This Court concluded that, in light of our Supreme Court's decision in Muniz classifying registration requirements as punitive, "[sub]section 9799.24(e) of SORNA [relating to SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." Butler, 173 A.3d at 1218.

Our Supreme Court has granted allowance of appeal in Butler in order to determine whether this Court "erred in vacating the trial court's Order finding [Butler] to be [an SVP] by extrapolating the decision in [Commonwealth v. Muniz, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(4)(3)." See Commonwealth v. Butler, 190 A.3d 581 (Pa. 2018). Given that our Supreme Court has yet to approve of this Court's analysis, it is clear that the Court has yet to determine whether this Court's Butler holding should apply retroactively.[2]

_____

[2] However, if our Supreme Court issues a decision holding that Butler applies retroactively, Ellenberger may file another PCRA petition within one year of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii). See Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3 (recent amendment to the PCRA).

We note, however, that this Court's reasoning in Butler relied on the United States Supreme Court's decision in Alleyne, which our Supreme Court has since held does not apply retroactively where, as here, judgment of sentence is final. See Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016) (holding that "Alleyne does not apply retroactively to cases pending on collateral review"). Accordingly, we decline to apply Butler retroactively to cases pending on collateral review. Because Ellenberger did not file a direct appeal to this Court, his judgment of sentence became final on November 30, 2015, which predates Butler, and we therefore agree with the PCRA court that Ellenberger is not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2019